In The Court of Criminal Appeal **147.15**

Jody Ford McCreary -V. 12th Court of Appeal
Cause No. 12-14-00356.- CR. Trial Court Cause
No. 007-1110-10 P.D.- 0142

<u>Petition For Discretionary Review Texas</u> ORIGINAL
<u>Rule Appellate procedure Rule 68</u>
<u>With Brief to Support</u>

Now Come Jody Ford McCreary and pro se and
file this Petition For Discretionary Review Texas
Rule Appellate procedure Rule 68 With

RECEIVED IN
COURT OF CRIMINAL APPEALS

APR 07 2015

Abel Acosta, Clerk

Support

## I
### Case of Authority

1. <u>Dusenberg -V. State 915 S.W. 2d 947 Tex App</u>
<u>(Houston 1st District 1996 pet ref'd)</u>

2. <u>Rodriquez -V. state 850 S.W. 2d 603 (Tex App</u>
<u>Amarillo 1993 No Pet</u>

3. <u>Walker -V. State 843 S.W. 2d 603 (Tex App</u>
<u>Dallas 1992 pet Ref'd)</u>

FILED IN
COURT OF CRIMINAL APPEALS

APR 17 2015

Abel Acosta, Clerk

## II
### Ground Review Number One

The 12th Court of Appeal erred that the Court
does not have Jurisdiction of Appeal of Appellant
involuntary guilty plea of the Texas Code Criminal
procedure Art 26.13.

## II

1. On January -11-2011 the trial Judge threaten
the Petitioner and the Petitioner announced to
the Court Petitioner will accept the plea bargin
and Petitioner sign the plea papers

Which the Habitual of the Texas Pen Code 12.42(d) would be drop to a 3rd degree felons enhance to a 2nd degree felons of the range of punishment 2 to 20 years in the Texas Department of Criminal Justice. After Petitioner announced to the Court that he will accept the plea bargin and the District Attorney breach the plea bargin and the trial Judge withdrew the plea papers and did not accept the plea papers bargin After the trial Judge withdrew the plea papers, the trial Judge read the sentence and Petitioner was thrown in smith County jail

2. On January-13-2011 the trial Judge render the judgment of Conviction and assessed punishment to Habitual to 25 to 99 years in the state of Texas Department of Criminal Justice Petitioner and his Court Appointed Attorney was not present in Court did not admonish Petitioner has being enhance to a Habitual punishment 25 to life and did not Question the Petitioner of the Voluntariness of the plea. There no waiver of jury trial of Texas Code Criminal Article 1.13. And Article 1.14. And there no stapalution of evidence of Texas Code Criminal procedure 1.15.

There is no Court Reporter transcripts of Petitioner guilty plea which make Petitioner guilty plea involuntary

On October 19-2011 Petition filed in Out of time Appeal, and it was dismissed. On January 7, 2015. Petitioner filed a Notice of Appeal in Cause no 12-14-00356-CR. and Petitioner ~~Cause~~ Argues in the Appeal that the Court of Appeal have Jurisdiction to hear and rule of the appeal

1. Defendant may allways Challenge Voluntariness of Guilty plea on Appeal Dusenberry V. state 956 S.W. 2d 948 (Tex App Houston 1 District 1996) pet refd

2. Defendant may allways challenge Voluntariness of plea and his Mental Competence to Understand it Whether plea is Open or negotiated at anytime despite Non-Compliance with procedure limitation of rule governing Criminal Appeal, Rule 40(b)(1) Rodriguo-V. State 850 S.W.2d 603 (Tex App Amarillo 1993)

3 Defendant may raise Voluntariness of plea at anytime notwithstanding improper from of Notice of Appeal. Walker-V. state (App Dist 1992 843 S.W.2d 716)

4. The 12th Court of Appeal has jurisdiction to review any allege error that affect Validity of Guilty plea even it form of Notice of Appeal is improper Walker. V. State App 5 District 1992 843 S.W 2d.

The 12th Court of Appeal have jurisdiction of Texas Code Criminal procedure Article 26.13 should ~~Grant~~ Grant this Petition Discretinary Review Tex rule Appellant procedure Rule 68 with Brief to support

P-3

## Ground Review Number Two

The 12th Court of Appeal erred for not holding of jurisdiction defect of Notice of Appeal Petitioner have showed the 12th Court of Appeal Jurisdiction defect that the punishment is not Authorized by Law

The 12 years of Petitioner being a Habitual Texas penal Code 12.42d 25 to life and Petitioner is sentence to 12 years. The 12 years is not Authorized by Law the Minum punishment is 25 to life in the state of Texa, Prison System see Tate v State

The Court of Criminal Appeal should Grant this Ground Review Number Two

### Prayer

Petition Pray to the Court for this reason above that this Petition for review will be Granted.

Respectfully Submitted

Jody Ford McCraig
1694118 Michael Unit
2664 F.M. 2054
Tennessee Colony
Tx 75886

P-74

# NO. 12-14-00356-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *JODY FORD MCCREARY,* *APPELLANT* | § | *APPEAL FROM THE 7TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,* *APPELLEE* | § | *SMITH COUNTY, TEXAS* |

---

## *MEMORANDUM OPINION*
### *PER CURIAM*

Following a guilty plea, Appellant, Jody Ford McCreary, was convicted of tampering with physical evidence. He previously attempted to appeal this conviction, but his notice of appeal was late, and the appeal was dismissed for want of jurisdiction. *See McCreary v. State,* No. 12-11-00311-CR, 2011 WL 4971606 (Tex. App.–Tyler Oct. 19, 2011, no pet.) (per curiam) (mem. op., not designated for publication).

Appellant has now filed a notice of appeal relating to the same conviction in which he urges that his guilty plea was involuntary. Appellant states in his notice of appeal that this court has jurisdiction of the appeal because involuntariness of a guilty plea may be raised at any time. In support of his argument, he cites several cases which state generally that voluntariness of a guilty plea may always be challenged on appeal. *See generally Dusenberry v. State,* 915 S.W.2d 947 (Tex. App.–Houston [1st Dist.] 1996, pet. ref'd); *Rodriguez v. State,* 850 S.W.2d 603 (Tex. App.–Amarillo 1993, no pet.); *Walker v. State,* 843 S.W.2d 716 (Tex. App.–Dallas 1992, pet. ref'd). However, nothing in these cases, or in any other authority that we have been able to locate, authorizes such a challenge by direct appeal after a felony conviction becomes final.

On December 16, 2014, this court notified Appellant that his notice of appeal does not show the jurisdiction of this court because there is no final judgment or other appealable order included in the information filed. *See* TEX. R. APP. P. 37.2. He was also informed that the appeal

would be dismissed unless the information in the appeal was amended, on or before January 15, 2015, to show the jurisdiction of this court. *See* TEX. R. APP. P. 44.3. In response to this court's notice, Appellant cites *Ex parte Hargett*, 819 S.W.2d 866 (Tex. Crim. App. 1991), and *Ex parte Villanueva*, 252 S.W.3d 391 (Tex. Crim. App. 2008), as further support for his jurisdictional argument. However, these cases involve appeals from the trial court's denial of an application for writ of habeas corpus and are inapposite here. Consequently, Appellant has not shown the jurisdiction of this court.

Because Appellant has not shown that this court has jurisdiction of the appeal, we *dismiss* the appeal *for want of jurisdiction*. *See* TEX. R. APP. P. 42.3(a).

Opinion delivered January 7, 2015.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

(DO NOT PUBLISH)



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

JANUARY 7, 2015

NO. 12-14-00356-CR

**JODY FORD MCCREARY,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 7th District Court

of Smith County, Texas (Tr.Ct.No. 007-1110-10)

THIS CAUSE came to be heard on the appellate record; and the same being considered, it is the opinion of this court that this court is without jurisdiction of the appeal, and that the appeal should be dismissed.

It is therefore ORDERED, ADJUDGED and DECREED by this court that this appeal be, and the same is, hereby **dismissed for want of jurisdiction**; and that this decision be certified to the court below for observance.

By *per curiam* opinion.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

Ford McCreary 1694449

Michael Unit

2664 FM 2054

Tennessee Colony Tc

75886


Clerk Abel Acosta, Court of Criminal Appeal

PO Box 12308 Capitol Station

Austin Tx 78711